IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RXD MEDIA, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> IP APPLICATION DEVELOPMENT ET AL., <br><br> *Defendants.* | Case No. 1:18-cv-486 |

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff and Defendants' cross-motions for summary judgment. For the following reasons, Defendants' motion for summary judgment is granted. Plaintiff's motion for partial summary judgment is denied.

### I. Background

*A. The Parties, Mark, Applications, and Registrations at Issue*

At issue in this trademark case is the use of the IPAD mark in commerce. Plaintiff is RXD Media. RXD launched its website, ipad.mobi, in 2007. According to RXD, ipad.mobi was meant to be an online platform primarily for notetaking. In 2016 RXD relaunched its website as ipadtoday.com. Ipadtoday.com offers a wider array of services than ipad.mobi. Instead of simply being a notetaking platform it is a mobile notes and cloud storage site. Defendants are IP App and Apple. Apple is the technological titan founded by Steve Jobs. IP App is a subsidiary Apple used to apply for trademarks. Both Plaintiff and Defendants claim to have priority in the rights to use the IPAD mark in commerce.

1

There are two trademark applications and several registered trademarks at issue. The two applications are the '446 Application and the '563 Application. These were both filed by IP App and seek to register the IPAD mark in relation to various services. In addition, Apple owns eight IPAD registrations, including one incontestable registration (the '575 Registration), which claim computer and digital goods as well as business and marketing services.

*B. The TTAB Proceedings*

After IP App filed its '446 Application and '563 Application, claiming use of the IPAD mark in connection with cloud storage and computing, RXD filed oppositions to each, arguing RXD had priority as a senior user for the use of the IPAD mark in cloud storage and computing.

The TTAB rejected RXD's opposition, holding that RXD's mark was ipad.mobi, not IPAD, and even if RXD's mark was IPAD, RXD's use of the mark was descriptive, and therefore in order to be entitled to priority RXD would have needed to demonstrate it had achieved secondary meaning in its IPAD mark before IP App's constructive priority dates of July 16, 2009 (the '563 Application) and January 25, 2010 (the '446 Application). The TTAB found RXD made no such showing.

*C. The Current Proceedings*

After losing in the TTAB proceedings, RXD filed suit in this Court, (1) seeking this Court's review of the TTAB decision, (2) claiming Apple lacked bona fide intent to use the IPAD service mark in commerce for anything other than tablet computers, (3) seeking a declaration that RXD has priority over Apple's rights in the mark IPAD, (4) alleging likelihood of confusion, and (5) alleging unfair competition and false designation of origin. Apple counterclaimed, arguing RXD's use of IPAD should be enjoined because it infringes upon Apple's trademark registrations for IPAD. Apple counterclaimed for (1) trademark infringement

under § 32(1) of the Lanham Act, (2) false designation of origin under §43 (A)(1)(A) of the Lanham Act, and (3) common law trademark infringement and palming off.

After a period of discovery both parties moved for summary judgment. RXD moved for partial summary judgment on Apple's counterclaims. Apple moved for summary judgment on all claims and counterclaims.

## II. Legal Standard

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party moving for summary judgment has the initial burden of establishing the basis for its motion and identifying the evidence which demonstrates the absence of a genuine issue of material fact. *Id.* Once the moving party satisfies its initial burden, the opposing party may show, by means of affidavits or other verified evidence, that there exists a genuine dispute of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In reviewing a summary judgment motion, the court must "draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992).

## III. Analysis

*A. Judicial Review of the TTAB Decision*

The first Count of RXD's Complaint seeks this Court's review of the TTAB decision. For the following reasons the TTAB decision is affirmed. As a result, summary judgment is granted in favor of Defendants on Counts I, III, IV, and V of Plaintiff's Complaint.

<u>i. Standard of Review</u>

3

First, the parties disagree over what standard of review this Court should employ when reviewing the TTAB decision. For the reasons explained below, because RXD did not produce new evidence that is pertinent to any disputed question of fact decided by the TTAB, this Court will review the TTAB decision by the substantial evidence standard.

If a party to an opposition proceeding is dissatisfied with the result of a TTAB decision it may either appeal that decision to the Federal Circuit or commence a de novo civil action in a federal district court. 15 U.S.C. § 1071. If a civil suit is commenced in district court, the record before the TTAB must be admitted as evidence on either party's motion, but the parties are also permitted to "conduct discovery and submit further testimony and other new evidence." *Shammas v. Focarino*, 784 F.3d 219, 225 (4th Cir. 2015).

"[I]f new evidence is presented on a disputed question of fact, the district court must make de novo factual findings that take account of both the new evidence and the administrative record before the PTO." *Kappos v. Hyatt*, 566 U.S. 431, 446 (2012). If no new evidence is admitted that relates to a disputed fact question, the reviewing court must apply the APA substantial evidence standard to the PTO's findings of fact on that issue. *See Hyatt v. Kappos*, 625 F.3d 1320, 1336 (Fed. Cir. 2010), *aff'd and remanded*, 566 U.S. 431 (2012) ("[T]he district court in a § 145 action must make de novo fact findings with respect to factual issues to which the new evidence relates . . . . When new evidence is introduced, the court acts as a factfinder with respect to that new evidence and would make de novo fact findings if the evidence conflicts with any related Patent Office finding."); *Belmora, LLC v. Bayer Consumer Care AG*, 338 F. Supp. 3d 477, 483–84 (E.D. Va. 2018) ("[F]actual findings made by the Board which are untouched by new evidence presented to the court are reviewed under the substantial evidence standard mandated by the Administrative Procedure Act."). Under the substantial evidence

standard, findings of fact will be upheld so long as they are not arbitrary, capricious, or otherwise not in accordance with law. *Belmora*, 338 F. Supp. 3d at 488.

### ii. The TTAB Decision

The TTAB considered RXD's opposition to IP App's application for registration of the IPAD mark under 15 U.S.C. § 1052(f). *RXD Media, LLC v. IP Application Development LLC*, 2018 WL 1027859, *2 (T.T.A.B. 2018). RXD opposed IP App's registration based on a claim that IP App's IPAD mark so resembled RXD's previously used IPAD mark as to be likely to cause confusion, mistake, or deception. *Id.*

The TTAB began its analysis by establishing that because RXD filed its opposition based on an unregistered mark, RXD must establish proprietary rights in the unregistered mark that preceded IP App's actual or constructive use of its mark. *Id.* at *7. Because 15 U.S.C. § 1126(d) permits an applicant to rely on filing dates of applications in foreign countries as its dates of constructive use if the applicant files the corresponding applications with the USPTO within six months, the TTAB found Apple was permitted to rely on either July 16, 2009 or January 25, 2010 as its constructive use date. *Id.* at *8. The TTAB elected to proceed with the analysis using the January 25, 2010 date because if RXD could not prove it had proprietary rights in its unregistered mark by the later date it also could not prove it had proprietary rights in its unregistered mark on the earlier date. *Id.* at *9.

RXD asserted that it had used its mark as early as September 1, 2007. *Id.* The TTAB held that regardless of the earlier use date, RXD did not have priority over the IPAD mark, finding that RXD's mark was the composite ipad.mobi, not IPAD standing alone. *Id.* at *10. The TTAB went on to find that even if RXD had used IPAD in a standalone format it still would not be able to assert priority because IPAD was merely descriptive and RXD did not prove its mark had

acquired distinctiveness before IP App's constructive use date. *Id.* at *14-15. Because it found RXD had no prior proprietary interest in the IPAD mark, the TTAB held RXD's likelihood of confusion claim failed. *Id.* at *15.

### iii. Review of the TTAB Decision

Here, the TTAB's relevant findings of fact include (i) IP App's constructive use dates, (ii) that RXD's use of the mark before the constructive use dates was the composite ipad.mobi, not the standalone IPAD, (iii) RXD's use of IPAD was descriptive, and (iv) RXD's mark did not acquire secondary meaning before the constructive use dates. As described above, this Court need only conduct a de novo review if the parties produced new evidence on these findings of fact. If no new evidence was provided, this Court should uphold the TTAB unless its decision was arbitrary, capricious, or not in accordance with law.

Given these relevant findings of fact, in order to require this Court to review any of the TTAB's findings de novo, RXD would have needed to provide new evidence that suggested either (i) TTAB's finding on IP App's constructive use dates was incorrect, (ii) RXD's mark at issue was IPAD, not the composite ipad.mobi, (iii) RXD's use of IPAD was suggestive, arbitrary, or fanciful, or (iv) if the use of IPAD was descriptive, it had acquired secondary meaning before IP App's constructive use dates.

RXD did not produce any new evidence regarding IP App's constructive use dates for the '446 Application and the '563 Application. Further, RXD expressly stated that its new evidence was from *after* the constructive use date. Dkt. 90 at 20. ("However, there is additional evidence of RXD and Defendants' activity after [July 16, 2009] that RXD has expressly stated in its Complaint should be considered."). RXD also did not produce any evidence that its mark should have been considered to be the standalone IPAD as opposed to the composite ipad.mobi.

Further, RXD did not provide any new evidence that its use of IPAD was suggestive, arbitrary, or fanciful rather than descriptive, nor did it provide any new evidence that would demonstrate even if the use of IPAD was descriptive it had acquired secondary meaning before IP App's constructive use dates.

Because RXD has not produced new evidence that relates to the relevant TTAB findings of fact, this Court need not undertake a de novo review of the evidence. *Balmora*, 338 F. Supp. 3d at 488 ("[Plaintiff] has not adduced any new evidence that would require this Court to review the underlying evidence de novo."). Therefore, this Court should affirm the TTAB decision so long as it was not arbitrary, capricious, or not in accordance with law. *Id.*

The TTAB reached its decision after a full trial and after reviewing a voluminous record. The opinion is thorough and supported by the law. The TTAB did not take arbitrary or capricious action here and its decision should be affirmed. Summary judgment for Count I, which sought review of the TTAB decision, is granted in favor of Defendants.

Since the Court upholds the TTAB decision, the Court also grants summary judgment in favor of Defendants on Counts III, IV, and V of Plaintiff's Complaint. Count III of Plaintiff's Complaint seeks a declaratory judgment that RXD has priority in the rights to IPAD. Because the Court upholds the TTAB decision that establishes RXD does not have priority in the rights to IPAD, summary judgment on this Count is granted in favor of Defendants. Further, Counts IV and V of Plaintiff's Complaint assert likelihood of confusion and false designation of origin claims against Defendants. As RXD does not have priority in the rights to the IPAD mark it cannot enforce any trademark rights against Defendants, so summary judgment on Counts IV and V of Plaintiff's Complaint is also granted in favor of Defendants.

*B. Bona Fide Intent to Use*

In Count II, RXD claims IP App and Apple did not have a bona fide intent to use the IPAD mark for the services claimed in the '563 Application and the '446 Application. For the following reasons, summary judgment on this Count is granted in favor of Defendants.

Section 1(b)(1) of the Lanham Act allows a "person who has a bona fide intention . . . to use a trademark in commerce [to] request registration of its trademark . . . ." 15 U.S.C. § 1051(b)(1). The statute does not define bona fide intent, but the Federal Circuit has held bona fide intent must be proved by objective evidence. *M.Z. Berger & Co. v. Swatch AG*, 787 F.3d 1368, 1376 (Fed. Cir. 2015).

Evidence "is 'objective' in the sense that it is evidence in the form of real life facts and by the actions of the applicant, not by the applicant's testimony as to its subjective state of mind." *Research in Motion Ltd. v. Corp.*, 92 U.S.P.Q.2d 1926, 2009 WL 4694941, at *6 (T.T.A.B. 2009). The "evidentiary bar is not high," but "the applicant's intent to use the mark [must have been] firm and not merely intent to reserve a right in the mark." *M.Z. Berger*, 787 F.3d at 1376. Objective evidence of bona fide intent to use may include licensing agreements. *Lane Ltd. V. Jackson Int'l Trading Co.*, 1994 WL 740491, at *6–7 (T.T.A.B. Oct. 21, 1994). An applicant possessing a brand concept that can embrace the use of the new mark, and the claimed goods or services being within the applicant's immediate capability to implement also constitute persuasive evidence of an applicant's bona fide intent to use. *See Rolex Watch U.S.A., Inc. v. PRL USA Holdings, Inc.*, 2015 WL 1909837, at *6–7 (S.D.N.Y. Apr. 27, 2015).

Here, Apple has produced its license agreement for the IPAD mark, which covers the applied-for services. Apple has also produced evidence, through the form of contemporaneous registration certificates, that it had the capacity to produce the applied-for services. Viewing this in the context of the strength of Apple's brand, and its breadth of products and services, this

evidence is sufficient to demonstrate Apple's bona fide intent to use the IPAD mark rather than simply reserve rights in the IPAD mark. Summary judgment on Count II of Plaintiff's Complaint is granted in favor of Defendants.

*C. Likelihood of Confusion with Apple's Registered Marks*

In its Counterclaim, Apple alleges RXD's use of the IPAD mark infringes on its registered IPAD marks and brings three Counts: trademark infringement under the Lanham Act, false designation of origin, and common law trademark infringement. For the following reasons, summary judgment in favor of Apple on all three Counts is granted.

To establish trademark infringement, the plaintiff must demonstrate it owns a valid, protectable mark and that there is likelihood of confusion between plaintiff's and defendant's marks. The Fourth Circuit considers nine factors in a likelihood of confusion analysis:

> (1) the strength or distinctiveness of the plaintiff's mark as actually used in the marketplace; (2) the similarity of the two marks to consumers; (3) the similarity of the goods or services that the marks identify; (4) the similarity of the facilities used by the markholders; (5) the similarity of advertising used by the markholders; (6) the defendant's intent; (7) actual confusion; (8) the quality of the defendant's product; and (9) the sophistication of the consuming public.

*Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 660 (4th Cir. 2018).

The first six factors all cut in favor of Apple. First, Apple's mark is undeniably strong. Its products and i-formative trademarks make up one of the most recognizable brands in the world. Second, both Apple and RXD use the IPAD mark, so not only are the marks similar to consumers, they are identical. Third, both Apple and RXD use the IPAD mark for electronic or computer goods and services. Fourth, both Apple and RXD offer their products through websites. Fifth, both Apple and RXD advertise over the internet. Finally, the evidence demonstrates RXD was aware of Apple's i-formative marks when it thought of the name ipad and that RXD's owner was put on notice by fellow users of online forums when he bought the

ipad.mobi site that the use of IPAD could be potential trademark infringement, suggesting bad intent.

Apple has also demonstrated actual confusion. The Fourth Circuit inferred that survey evidence of actual confusion will weigh in favor of the alleged infringer if the survey showed a rate of actual confusion "much below ten percent." *Sara Lee Corp. v. Kayser-Roth Corp.*, 81 F.3d 455, 467 n.15 (4th Cir. 1996). A ten to twelve percent rate of actual confusion, on the other hand, is "sufficient to demonstrate actual confusion." *Id.* Here, Apple has provided a consumer survey that found a twenty-seven percent confusion rate. This is well above the Fourth Circuit's benchmark and so this factor also cuts in favor of Apple.

The eighth and ninth factors are neutral. The quality of the defendant's product is relevant when the defendant's product is "markedly inferior," such that it is using "the similarity of the two marks to generate undeserved sales." *Id.* at 467. Here, Apple argues that RXD's low subscriber base for its IPAD service demonstrates its markedly inferior quality. However, viewing the facts in the light most favorable to RXD, a low subscriber base is not necessarily an indictment of the quality of RXD's product. Thus, this factor does not cut in either party's favor. Finally, the consumer sophistication factor is not relevant because both Apple and RXD market their goods to the general public.

As discussed above, all but two of the relevant factors in the likelihood of confusion analysis cut toward Apple. Although trademark infringement is a fact-based inquiry, and is rarely resolved on summary judgment, here the evidence of infringement is overwhelming, and Apple is entitled to judgment as a matter of law. Summary judgment on Apple's counterclaims for trademark infringement under § 32(1) of the Lanham Act, false designation of origin under §43

(A)(1)(A) of the Lanham Act, and common law trademark infringement and palming off are granted in favor of Apple.

## IV. Conclusion

As explained above, this Court affirms the TTAB decision and as a result grants summary judgment in favor of Defendants on Plaintiff's Counts I, III, IV, and V. This Court also finds that Defendants demonstrated a bona fide intent to use the IPAD mark and so grants summary judgment in favor of Defendants on Plaintiff's Count II. Finally, this Court finds the evidence establishes likelihood of confusion between RXD's use of IPAD and Apple's registered trademarks and so grants summary judgment in favor of Defendants on Defendants' counterclaims. Therefore, Defendants' Motion for Summary Judgment is granted and summary judgment on all claims and counterclaims is granted in favor of Defendants. Plaintiff's Motion for Partial Summary Judgment is denied. A corresponding Order has issued. This Memorandum Opinion constitutes final judgment of this Court for purposes of appeal.

March 27, 2019
Alexandria, Virginia

Liam O'Grady
United States District Judge