# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| RXD MEDIA, LLC, | ) |
| *Plaintiff*, | ) |
| v. | ) Case No. 1:18-cv-486 |
| IP APPLICATION DEVELOPMENT ET AL., | ) |
| *Defendants*. | ) |

## **MEMORANDUM OPINION**

This matter comes before the Court on Apple's Motion for a Permanent Injunction. Dkt. 110. For the following reasons the Motion is granted.

A party seeking an injunction must demonstrate "(1) it has suffered an irreparable injury; (2) remedies available at law are inadequate; (3) the balance of the hardships favors the party seeking the injunction; and (4) the public interest would not be disserved by the injunction." *PBM Prods., LLC v. Mead Johnson & Co.*, 639 F.3d 111, 126 (4th Cir. 2011).

*A. Irreparable Injury*

Typically, a party seeking an injunction must show it would suffer irreparable injury if the injunction was not granted. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 938 (4th Cir. 1995). Although not going so far as to hold irreparable injury always follows from trademark infringement, the Fourth Circuit has held "irreparable injury regularly follows from trademark infringement." *Id.* at 939. A finding of trademark infringement coupled with evidence of actual consumer confusion may be sufficient to demonstrate irreparable injury. *See id.*

Here, the Court found RXD infringed upon Apple's trademarks. While that finding alone does not necessarily prove irreparable injury, Apple provided as evidence a consumer survey which demonstrated a twenty-seven percent confusion rate. This rate is well above the ten percent benchmark that the Fourth Circuit has identified as constituting actual confusion. *Sara Lee Corp. v. Kayser-Roth Corp.*, 81 F.3d 455, 467 n.15 (4th Cir. 1996). Because there has been a finding of trademark infringement and Apple has provided evidence of actual confusion, the Court finds Apple will suffer irreparable injury if an injunction does not issue.

*B. Remedies Available at Law*

Monetary damages in trademark infringement suits are typically inadequate because while they may compensate plaintiffs for damages they have already incurred, monetary damages do not prevent future infringement from occurring. *See Hammerhead Entm't, LLC v. Ennis*, 2011 WL 2938488, at *8 (E.D. Va. July 19, 2011). Therefore, without an injunction, a plaintiff would "suffer continued infringement" and be forced to "bring successive suits for monetary damages." *Id.* (quoting *Teaching Co. P'ship v. Unapix Entm't, Inc.*, 87 F. Supp. 2d 567, 587 (E.D. Va. 2000)).

For these reasons, Apple's remedies at law are inadequate. If the Court awarded money damages, Apple would only be compensated for the infringement that has already occurred and would be forced to bring successive suits to continuously recover damages from RXD's infringing use. Thus, there is clearly no adequate remedy at law.

*C. Balance of Hardships*

The balance of hardships weighs in a plaintiff's favor when the infringer "possesses no legal right to continue their current course of conduct." *Portfolio Recovery Assocs., Inc. v. Portfolio Recovery Grp., LLC*, 2013 WL 5723869, at *10 (E.D. Va. Oct. 18, 2013);

*Hammerhead Entm't*, 2011 WL 2938488, at *9 (same). Here, the Court has found RXD was not a priority user of the IPAD mark and its use of IPAD infringed upon Apple's trademarks. Thus, RXD has no legal right to continue its infringing use of IPAD and the balance of hardships factor weighs in Apple's favor.

*D. Public Interest*

The purpose of trademark law is to allow consumers to identify the source of goods. In trademark infringement cases, injunctions serve the public interest "by preventing future consumers from being misled." *Lone Star Steakhouse*, 43 F.3d at 939. Here, RXD's use of IPAD has caused actual confusion regarding the source of RXD's product. This is the harm trademark law is meant to prevent. To protect consumers, it is in the public interest to enjoin RXD's use of IPAD because its current use prevents consumers from correctly identifying the source of RXD's goods.

Therefore, a permanent injunction in this case is appropriate. The only remaining issue is the scope of the injunction. In its proposed order, Apple seeks to enjoin RXD's use of both IPAD and IPOD. RXD argues that if the Court issues an injunction it should be limited solely to enjoining RXD's use of IPAD. RXD's argument is unavailing because the Court granted summary judgment in Apple's favor for all of Apple's counterclaims, which included claims that RXD infringed upon Apple's IPOD mark. Furthermore, even absent this grant of summary judgment, enjoining RXD's use of IPOD is justified by the "safe distance" rule, which posits that "once a company commits an unfair business practice it 'should thereafter be required to keep a safe distance away from the margin line.'" *Osem Food Indus. Ltd. v. Sherwood Foods, Inc.*, 917 F.2d 161, 164 n.4 (4th Cir. 1990) (quoting *Chevron Chemical Co. v. Voluntary Purchasing Grps., Inc.*, 659 F.2d 695, 705 (5th Cir. 1981)). Here, RXD's infringing use of IPAD justifies a

limitation on its use of IPOD in order to keep RXD a safe distance away from the margin line.

For the above reasons, Apple's Motion for a Permanent Injunction, Dkt. 110, is **GRANTED.** A separate Order will issue.

June 21, 2019
Alexandria, Virginia

Liam O'Grady
United States District Judge